IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-332-FL

| | | |
|---|---|---|
| DAN CARLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRIANGLE CAPITAL CORPORATION, | ) | |
| E. ASHTON POOLE, STEVEN C. | ) | ORDER |
| LILLY, W. MCCOMB DUNWOODY, | ) | |
| MARK M. GAMBILL, BENJAMIN S. | ) | |
| GOLDSTEIN, MARK F. MULHERN, | ) | |
| SIMON B. RICH, JR., and GARLAND S. | ) | |
| TUCKER, III, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed suit on July 6, 2018, against Triangle Capital Corporation ("Triangle") and its board members alleging violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§78n(a) and 78t(a) respectively, and Rule 14a-9, 17 C.F.R. § 240.14a-9, in connection with the sale of all or substantially all of defendant Triangle's assets to Benefit Street Partners L.L.C. ("BSP") for approximately $981.2 million in cash. Triangle stockholders are scheduled to vote on this proposed sale at a special meeting scheduled for July 24, 2018.

Defendants filed with the Securities Exchange Commission ("SEC") the Schedule 14A Definitive Proxy Statement (the "Proxy") and disseminated the Proxy to shareholders on June 1, 2018. (See Proxy (DE 12-2)). The Proxy spans more than 500 pages and includes, among other things, a detailed description of the transactions, as well as copies of the Asset Purchase Agreement,

the Externalization Agreement, Triangle's 2017 Form 10-K, and Triangle's Q1 2018 Form 10-Q. (See id.). Plaintiff's claims allege the Proxy contains material omissions.

This matter comes now before the court on plaintiff's motion for preliminary injunction filed July 11, 2018, 13 days before the July 24, 2018, shareholder vote, seeking to enjoin that vote until defendants disclose to shareholders claimed material information allegedly omitted from the Proxy. The court allowed plaintiff's request for expedited briefing on motion, over defendants' objection, providing defendants until July 13, 2018, to respond, and plaintiff until July 14, 2018, to reply. Plaintiff's motion for hearing, however, was denied at telephonic hearing July 12, 2018, as unlikely to aid in the court's decision, and practically unavailable.

Rule 65 of the Federal Rules of Civil Procedure allows a court to enter preliminary injunctive relief prior to adjudication on the merits of the action. Fed. R. Civ. P. 65(a). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc, 129 S.Ct. 365, 375-76 (2008). To obtain a preliminary injunction, plaintiff must establish four requirements: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in plaintiff's favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam); see also MicroStrategy Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001) ("court must consider (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied; (2) the likelihood of harm to the defendant if the request is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest.").

After careful consideration the court finds plaintiff has not established any of the four requirements. Memorandum opinion will follow in furtherance of the court's decision to deny plaintiff's motion.

SO ORDERED, this the 16th day of July, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge